# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ALLIANCE FOR SAFE, EFFICIENT AND COMPETITIVE TRUCK TRANSPORTATION; AIR & EXPEDITED MOTOR CARRIERS ASSOCIATION; THE EXPEDITE ASSOCIATION OF NORTH AMERICA; NATIONAL ASSOCIATION OF SMALL TRUCKING COMPANIES; TRANSPORTATION LOSS PREVENTION AND SECURITY ASSOCIATION; ALLEN LUND COMPANY, INC.; BOLT EXPRESS, LLC; BP EXPRESS, INC.; CARRIER SERVICES OF TENNESSEE, INC.; CONARD TRANSPORTATION, INC.; DES MOINES TRUCK BROKERS, INC.; FORWARD AIR, INC.; MEDALLION TRANSPORT & LOGISTICS, LLC; REFRIGERATED FOOD EXPRESS, INC.; SNOWMAN RELIABLE EXPRESS, INC.; TRANSPLACE, LLC; and TRIPLE G EXPRESS, INC., <br><br> Petitioners, <br> - vs. - <br><br> FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION and THE HONORABLE RAY LAHOOD, in his official capacity as SECRETARY OF TRANSPORTATION, <br><br> Respondents. | CASE NO. 12-1305 |

**AIRFORWARDERS ASSOCIATION'S
MOTION FOR LEAVE TO FILE
*AMICUS CURIAE* BRIEF**

Pursuant to D.C. Cir. Rule 29(b) and Fed. R. App. Proc. 29(a), the Airforwarders Association ("AfA"), by and through counsel, requests leave to file an *amicus* brief in support of petitioner Alliance for Safe, Efficient and Competitive Truck Transportation ("ASECTT") et al.  ASECTT's petition seeks clarifications to ensure proper federal preemption over state and local regulations that inhibit the public's use of motor carriers certified as safe to operate on the nation's roadways.  The clarifications requested by AFA are needed to ensure that air forwarders and other consumers of interstate trucking services can rely on 49 U.S.C. 31144 and the Federal Motor Carrier Safety Administration's publication of its final safety fitness determination to the exclusion of any conflicting state law or duty.  In view of the Agency's settlement in *NASTC et al. v. FMCSA* interveners submit that the May 16th release entitled, "New Resources Available for Shippers, Brokers, and Insurers" should be retracted and further publication of SMS methodology and percentile rankings for public consumption and use removed until such time as Congress, or this Court, following rulemaking, otherwise directs.

AfA is a national trade association whose members arrange for services provided by motor carriers which are subject to safety duties and credentialing obligations imposed upon them under federal statute.  Forwarders, neither in their role of arranging for ex-air movement or as FMCSA regulated surface forwarders,

2

are charged with any federal statutory duty to credential motor carriers as safe for use. Air forwarders, like any other consumer of interstate transportation, are the beneficiaries of federal statutes and regulations and the preemptive effect of the Agency's final safety fitness determination ("SFD"). Forwarders are not required by statute or federal law to second guess the Agency's expertise under penalty of any conflicting state law duty or tort liability imposed under state law negligent selection standards which are implicitly and expressly preempted.

The actions of the FMCSA in publicly repudiating the effectiveness of its own SFD as the standard for public use creates new duties on AfA members, in effect exposing air forwarders to ambiguous selection standards and obligations to use its unvetted SMS methodology under penalty of exposure to increased tort liability under state law. Air forwarders simply cannot shoulder the burden of making discriminating safety fitness evaluations of each motor carrier before use. It is not their job, they do not have the expertise, resources, time or financing to undertake these duties. Furthermore, in its May 16th release the Agency enunciated no clear standards or effective way to interpret its percentile rankings.

AfA's brief will describe the unintended, adverse impacts on air forwarders in their capacities as both exempt shippers and regulated forwarders, resulting from FMCSA's flawed renunciation of its statutory SFD duties and of the preemptive effect of which forwarders are intended beneficiaries. No other party to this proceeding represents the air and surface forwarders which will be directly affected

3

by the action under review in this proceeding. The petitioners, ASECTT et al., consented to AfA's filing an *amicus* brief. Respondents Federal Motor Carrier Safety Administration and The Honorable Ray Lahood, in his official capacity as Secretary Of Transportation, do not plan to oppose AfA's filing an amicus brief.

WHEREFORE, for the foregoing reasons, movant Airforwarders Association respectfully requests leave to file an *amicus curiae* brief in support of the petition in this action.

Dated: December 10, 2012          Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Edward J. Kiley</u>
Edward J. Kiley, Esquire
Law Offices of Edward J. Kiley, PLLC
293 Ariel Drive NE
Leesburg, VA 20176
Tel: 703-505-5244
nedkiley@gmail.com

*Counsel for the Airforwarders Association*

</div>

# **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1 and D.C. Cir. Rule 26.1, movant Airforwarders Association ("AfA") states that it is a non-profit national trade association. AfA represents the interests of air freight forwarders before regulatory agencies and legislative bodies. AfA does not have any parent corporations, and no publicly held company owns any stock in AfA.

Dated: December 10, 2012            Respectfully submitted,

/s/ Edward J. Kiley
Edward J. Kiley, Esquire
Law Offices of Edward J. Kiley, PLLC
293 Ariel Drive NE
Leesburg, VA 20176
Tel: 703-505-5244
nedkiley@gmail.com

*Counsel for the Airforwarders Association*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 10th day of December, 2012, I caused this Motion for Leave to file Brief of *Amicus Curiae* The Airforwarders Association to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

David E. Frulla
Shaun M. Gehan
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
(202) 342-8400

*Counsel for Petitioners*

Mark J. Andrews
STRASBURGER & PRICE, LLP
1700 K Street, NW, Suite 640
Washington, DC 20006
(202) 742-8601

*Counsel for Petitioners*

Paul M. Geier
Joy Park
Peter J. Plocki
U.S. DEPARTMENT OF TRANSPORTATION
1200 New Jersey Avenue, SE
Washington, DC 20590
(202) 366-4731

*Counsel for Respondents*

Henry E. Seaton
SEATON & HUSK, L.P.
2240 Gallows Road
Vienna, Virginia 22182
(703) 573-0700

*Counsel for Petitioners*

Matthew M. Collette
Jeffrey A. Clair
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

*Counsel for Respondents*

/s/ Edward J. Kiley
*Counsel for Amicus Curiae*

6